IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DELISA M. BARNETT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-616-Y |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

**<u>OPINION AND ORDER</u>**

Before the Court is petitioner Delisa M. Barnett's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust administrative remedies.

I.  Factual and Procedural Background

Petitioner is serving a 41-month term of imprisonment on her 2012 conviction in the United States District Court for the Eastern District of Texas. (Resp't's App. 17-18, ECF No. 7.) By way of this petition, she seeks additional prior-custody-time credit. (Pet. 1-2, ECF NO. 1.) To establish the factual background of the case, the government provided the declaration of Christobal Mandes, a management analyst at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing:

. . .

2.  In this position, I have access to official records

      compiled and maintained by the Federal Bureau of Prisons (BOP), inmate files, Judgment and Commitment Orders, sentence computation letters, records created by state and local officials, Presentence Investigation Reports, and BOP Program Statements.

3. My responsibilities include providing litigation assistance to the U.S. Attorney's Office when federal inmates challenge their sentence computations. This responsibility includes reviewing the accuracy of challenged sentence computations.

4. It is my understanding that the petitioner, Delisa M. Barnett, Federal Register Number 19157-078, alleges she is entitled to prior custody credit from September 22, 2011, through May 5, 2014.

5. I have reviewed the sentence computation for Ms. Barnett. In the course of my review, I obtained documents from the State of Nevada and the Clark County Detention Center indicating that Ms. Barnett did not receive credit against her state sentence for 428 days that she spent in official detention, while she was in federal custody pursuant to a federal writ of habeas corpus ad prosequendum. On September 12, 2014, Ms. Barnett's sentence computation was updated with an award of 428 days of prior custody credit from October 3, 2011, through December 3, 2012.

6. On September 22, 2011, Ms. Barnett was arrested by the Las Vegas, Nevada, Metropolitan Police Department for possession of marijuana and possession with intent to sell. These charges were brought in Case No. 11F16825X which was dismissed on February 15, 2013.

7. On October 3, 2011, Ms. Barnett was borrowed from state custody pursuant to a federal writ of habeas corpus ad prosequendum.

8. On November 1, 2012, the United States District Court for the Eastern District of Texas sentenced Ms. Barnett to a forty-one month term of imprisonment, to be followed by three years of supervised release, for violating 18 U.S.C. § 1349, Attempt and Conspiracy to Commit Fraud by Wire.

9. On December 3, 2012, the United States Marshals returned Ms. Barnett to the custody of the State of Nevada, with the federal sentence lodged as a detainer. She was booked by the Clark County Detention Center in Clark County, Nevada, on the same date.

10. On December 27, 2013, Ms. Barnett was arraigned by the Clark County, Nevada, District Court on state charges of theft and burglary and entered a guilty plea in Case Number C286294.

11. On February 27, 2013, Ms. Barnett was sentenced by the Clark County, Nevada, District Court to a twelve- to thirty-month term of imprisonment with ninety-six days of prior custody credit, in Case Number C286294, after being convicted of one count of burglary and one count of theft.

12. On April 10, 2013, Ms. Barnett's sentence in Case Number C286294 was vacated pending resentencing.

13. On April 12, 2013, Ms. Barnett was taken into federal custody by the U.S. Marshals Service.

14. On May 29, 2013, Ms. Barnett was resentenced in absentia by the Clark County, Nevada, District Court to a twelve- to thirty-month term of incarceration with 187 days of prior custody credit, in Case Number C286294.

15. On August 19, 2013, the U.S. Marshals Service returned Ms. Barnett to state custody.

16. On January 14, 2014, Ms. Barnett was released on parole from the custody of the State of Nevada and was taken into federal custody by the U.S. Marshals Service.

17. Ms. Barnett's federal sentence was computed to commence on January 14, 2014, the date she was in the primary jurisdiction of the federal government to begin serving her federal sentence. She was awarded prior custody credit against her federal sentence for a total of 433 days. This prior custody credit includes 2 days of credit from September 27, 2007, through September 28, 2007, and

3

       3 days of credit from April 15, 2008, through April 17, 2008, that are not the subject of Ms. Barnett's current petition. This prior custody credit also includes 428 days of prior custody credit for the period of time from October 3, 2011, through December 3, 2012.

18. From September 22, 2011, through May 28, 2013, the day prior to the imposition of her state sentence, Ms. Barnett was in official detention for a total of 615 days. On May 29, 2013, when Ms. Barnett was sentenced by the state, she received 187 days of prior custody credit. She did not receive credit against her state sentence for 428 days that she spent in official detention. Review of state records indicates that Ms. Barnett did not receive credit against her state sentence for the 428-day period when she was in federal custody pursuant to the writ of habeas corpus ad prosequendum, from October 3, 2011, through December 3, 3012.

19. Because Ms. Barnett did not receive credit toward her state sentence for the period of time from October 3, 2011, through December 3, 2012, the BOP awarded her 428 days of prior custody credit against her federal sentence.

20. If Ms. Barnett receives all good conduct time projected, it is anticipated that she will be released from BOP custody via good conduct time on October 29, 2015.

21. **Ms. Barnett has not filed any administrative remedies regarding her sentence computation or prior custody credit.**

22. On September 12, 2014, the BOP's DSCC sent a letter to Ms. Barnett's federal sentencing court asking whether the court wished to retroactively designate the state institution where Ms. Barnett was imprisoned prior to entering BOP custody for service of her federal sentence. The BOP has not yet received a response from the federal court. Once the BOP receives a response, or if the BOP has not received a response within sixty days of the date of the letter, the BOP will review Ms. Barnett's case under the five factors delineated in 18 U.S.C. § 3621(b) to determine whether such

4

> designation is appropriate If the state institution is designed for service of Ms. Barnett's federal sentence, she will be awarded additional credit against her federal sentence and may be entitled to immediate release.
>
> . . .

(Resp't's App. 2-6, ECF No. 7 (footnote omitted) (emphasis added)).

## II. Discussion

Respondent asserts *inter alia* that the petition should be dismissed because Petitioner has failed to exhaust her administrative remedies. (Resp't's Resp. 1, 3-4, ECF No. 6.) Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller,* 11 F.3d at 62.

Petitioner asserts in her petition that she has exhausted her administrative remedies to no avail. (Pet. 2, ECF No. 1.) However, Respondent provides proof discrediting Petitioner's assertion and Petitioner fails to allege or demonstrate that any attempt to do so would be futile. Accordingly, the petition should be dismissed.

5

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DISMISSED for failure to exhaust administrative remedies.  Further, for the reasons discussed, a certificate of appealability is DENIED.

SIGNED April 10, 2015.

                                          _/s/ Terry R. Means_
                                          TERRY R. MEANS
                                          UNITED STATES DISTRICT JUDGE